**UNITED STATES of America**

v.

**Emmett JENKINS.**

**Crim. No. 3065.**

United States District Court
E. D. Virginia, at Alexandria.

Jan. 27, 1955.

Harlan E. Freeman, Asst. U. S. Atty., Arlington, Va., L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., for plaintiff.

Leroy S. Bendheim, Alexandria, Va., F. Joseph Donohue, Washington, D. C., for defendant.

BRYAN, District Judge.

Charged with the violation of a Washington National Airport regulation forbidding the conduct of business there without the approval of the Administrator of Civil Aeronautics or Airport Director, the defendant has waived a jury trial, admitted the acts laid to him in the information, and bases his plea of not guilty upon the inapplicability of the regulation to his conduct, or if applicable, then upon the invalidity of the regulation.

The regulation reads as follows: "Conduct of business or commercial activity. No person shall engage in any business or commercial activity of any nature whatsoever on the airport except with the approval of the Administrator or Airport Director, and under such terms and conditions as may be prescribed." 14 C.F.R. 570.84.

As authority for its issuance reference is made to the Washington National Airport Act, providing: "The Adminis-

trator shall have control over, and responsibility for, the care, operation, maintenance, and protection of the airport, together with the power to make and amend such rules and regulations as he may deem necessary to the proper exercise thereof." D.C.Code 1951, § 7–1302. Immediately following is this related section of the Act: "The Administrator is empowered to lease, upon such terms as he may deem proper, space or property within or upon the airport for purposes essential or appropriate to the operation of the airport." 54 Stat. 688, ch. 444, §§ 2, 3; 2–1602, 2–1603 District of Columbia Code and, as revised, 7–1303 District of Columbia Code.

The transgression of which the defendant is accused consists of this. He is employed as a deliveryman for the Washington, D. C. representative of the Hertz Rent-a-Car System; he drove one of his employer's rental cars to the airport; in his pocket he had an agreement, to be signed by an incoming plane passenger, for the rental and immediate use of the car by the passenger without a driver; he was delivering the car pursuant to a previous order placed by the passenger before he emplaned; he paged the passenger over a public address system which was available to all persons meeting an arrival in the airport; locating his lessee, he had him sign the agreement in the lobby of the airport and take the car; but he had not obtained the approval of the Administrator or Director for this activity. Defendant's arrest followed.

The Court is of the opinion that this transaction, either as a single instance or one of many in a regular course of conduct, is not within the bar of the regulation. Though broad in its terms— "any business or commercial activity of any nature"—it is nevertheless limited by its purpose. The regulation's sole intendment is to give the Administrator or Director supervision and control of such mercantile engagements as would require occupancy of space or use of facilities at the airport in a manner more burdensome than, or otherwise different from, that accorded to a passenger. It does not seek to restrict a traveler in his personal rights. Surely, e. g., a passenger may without offense to the regulation arrange to be met by someone of his selection to transport him from the airport. His selectee may certainly comply without overstepping his privileges at the airport. What has occurred here is no more than that.

The actual as well as the posed instance examples a use of the airport by an individual in the exercise of a right of use personal to him as a passenger, a right belonging to every passenger. The regulation does not propose to outlaw the enjoyment of that right, if indeed it could do so. It purposes the control of such uses of the airport as might be allotted to concessionaires. This would include a right of physical occupancy, and an exercise of functions, on the airport far in excess, though not in curtailment, of the rights possessed by an individual when a passenger. The rights of the concessionaires are to cater to all passengers; while the rights of the passenger are to provide only for himself. Again, the passenger's rights in the airport are appurtenant to him; the rights of use of the concessionaire are appurtenant to the airport. The regulation does not purport to strip the passenger of his personal rights. The defendant's acts were in the performance of a personal right of and for a passenger. This was not an affront to the regulation. Vide: Black & White Taxicab Co. v. Brown & Yellow Taxi Co., 1928, 276 U.S. 518, 528, 48 S.Ct. 404, 72 L.Ed. 681; Skaggs v. Kansas City Terminal R. Co., D.C.W.D.Mo., 1916, 233 F. 827, 831.

As the conduct of the defendant was not within the aim or ambit of the regulation as now written, the question whether or not it could be prohibited is presently academic.

The defendant will be acquitted and discharged of his bail.